IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

DONNELL FLOURNOY, #126385          *

    Petitioner,          *

    v.          *          1:11-CV-522-MEF
                   (WO)

WARDEN MCSWAIN-HOLLAND, *et al*.,          *

    Respondents.          *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Petitioner Donnell Flournoy on June 28, 2011.[1]  In this petition, Petitioner challenges

matters associated with the revocation of his parole by the Circuit Court for Houston County,

Alabama, in January 2010.

Respondents filed an answer in accordance with the provisions of Rule 5, *Rules*

*Governing Section 2254 Cases in the United States District Courts*.  (*Doc. No. 11* .) They

contend therein that the present habeas corpus petition is due to be denied because the claims

presented by Petitioner provide no basis for relief.  Specifically, Respondents maintain that

Petitioner's allegations that the trial court violated state law when: 1) it failed to determine

_____

[1] Although the present petition was stamped "filed" in this court on June 30, 2011, Petitioner signed
the petition on June 28, 2011.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison
officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d
1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the
foregoing, the court considers June 28, 2011 as the date of filing.

whether he could be released on bond during the pendency of the revocation hearing; 2) failed to inform him that he could request to be released on bond; and 3) revoked his community corrections sentence despite having options other than the revocation available, do not present cognizable federal claims. Respondents further maintain that the following issues presented by Petitioner are procedurally defaulted: 1) the trial court failed to inform him of the nature of the allegations against him; 2) the trial court failed to provide him with a written copy of the allegations; 3) the trial court failed to advise him that any admissions he made could be used against him; 4) the trial court failed to advise him of the right to request appointed counsel; 5) the trial court failed to schedule a separate revocation hearing; 6) the trial court failed to appoint counsel to represent him; and 7) the trial court erroneously revoked his community corrections sentence despite having options other than revocation. In support of this argument, Respondents contend that the defaulted claims were not presented to the state courts in accordance with the requirements of the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Teague v. Lane*, 489 U.S. 288 (1989); *Wainwright v. Sykes*, 433 U.S. 72 (1977).; *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). (*Doc. No. 11*.)

In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated

on the merits in state court.  The statute allows this court to grant a writ of habeas corpus

only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established

Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an*

*unreasonable application of* ... clearly established Federal law, as determined by the Supreme

Court of the United States.' (Emphases added.)"  *Williams*, 529 U.S. at 404-405.  "Under §

2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court

decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable

application' of federal law."  *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).  In the

vast majority of cases, a federal district court will be faced with the contention that the state

court unreasonably applied federal law.

> In determining whether the state court's decision is an
> unreasonable application of the law set out in [applicable]
> Supreme Court decisions, we need not decide whether we would
> have reached the same result as the state court if we had been
> deciding the issue in the first instance.  Instead, we decide only
> whether the state court's decision of the issue is objectively
> unreasonably.  *See Williams v. Taylor*, 529 U.S. 362, 411, 120
> S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under
> §2254(d)(1)'s 'unreasonable application' clause, then, a federal
> habeas court may not issue the writ simply because that court
> concludes in its independent judgment that the relevant state-
> court decision applied clearly established federal law
> erroneously or incorrectly.  Rather, that application must also be
> unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th
> Cir. 2001)("It is the objective reasonableness, not the
> correctness *per se*, of the state court decision that we are to
> decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

3

Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

A procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986).  The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before **October 7, 2011** Petitioner may file a response to the answer filed by Respondents.  Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.  Petitioner is advised that at any time after October 7, 2011 the court shall "determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require."  Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on those grounds presented in the habeas corpus petition.  If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.   When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is cautioned that in responding to Respondents' assertion that some of his constitutional claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or

pursue these claims in state court either at the trial court level, on appeal, or in available

post-conviction proceedings.  Petitioner is advised that the reasons presented must be

legally sufficient and that the facts surrounding or relating to the reasons for the failure

must be stated with specificity.  If Petitioner asserts that this court should address the

procedurally defaulted claims under the fundamental miscarriage of justice exception,

Petitioner must show specific reasons for the application of this exception.

Done, this 16th day of September 2011.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR
UNITED STATES MAGISTRATE JUDGE